IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES PAULSEN,

      Plaintiff,

vs.                                                                                      Civ. No. 05-1059 MV/LFG

WAL-MART STORES, INC., a Delaware
Corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand, filed October 27, 2005, **[Doc. No. 6]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED.**

## FACTUAL BACKGROUND

On August 15, 2005, Plaintiff filed a complaint in New Mexico state court for personal injuries allegedly suffered when a Wal-Mart shopping cart malfunctioned. In his complaint, Plaintiff seeks compensatory damages, actual damages, interest, and attorney's fees and costs in an unspecified amount. Defendant was served with process on August 18, 2005. On September 9, 2005, Defendant served discovery on Plaintiff seeking to determine if Plaintiff was seeking in excess of $75,000.00 in damages. On September 21, 2005, Plaintiff responded to the discovery, admitting that he was seeking in excess of $75,000.00 in damages. Based on this information, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 on October 4, 2005. Plaintiff now seeks to remand the action to state court on the grounds that Defendant's removal notice was untimely because Defendant was, or should

have been, aware that Plaintiff was seeking more than $75,000.00 in damages at the time the complaint was filed.

## ANALYSIS

Any civil case filed in state court may be removed by a defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). In this case, Defendant alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) due to diversity of the parties and an amount in controversy greater than $75,000.[1] Plaintiff does not contest that the dispute is between citizens of different states or that the jurisdictional amount in controversy exists. Plaintiff does contest, however, whether Defendant's notice of removal was timely.

Under 28 U.S.C. § 1446(b), a defendant has thirty days from receipt of the initial pleading or the service of summons, whichever period is shorter, to remove. However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .." 28 U.S.C. § 1446(b).

Plaintiff contends that Defendant was aware that the amount in controversy was greater than $75,000 at the time the complaint was filed because Plaintiff and Defendant had engaged in numerous discussions prior to the filing of the case, including a written settlement demand from Plaintiff, and, in the discussions and settlement demand, Plaintiff valued his claim at greater than $75,000. According to Plaintiff, because Defendant was aware through these pre-filing

---

[1] 28 U.S.C. § 1332 (a) provides that district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

discussions and documents that Plaintiff was seeking more than $75,000, the time for removal began to run at the time the complaint was filed.

Defendant, on the other hand, asserts that when the complaint itself does not establish that Plaintiff is seeking damages in excess of the jurisdictional amount, the removal period does not begin to run until a subsequent pleading or document establishes that the jurisdictional amount is at issue. Therefore, according to Defendant, it was not until Plaintiff admitted in response to Wal-Mart's request for admission that he was seeking more than $75,000 that the time period for Wal-Mart to file for removal pursuant to 28 U.S.C. § 1446(b) began to run.

The Tenth Circuit has not directly addressed the question of whether a pre-complaint settlement demand in excess of the federal jurisdictional minimum starts the thirty-day time period under § 1446(b) running upon the filing of a complaint when the complaint itself seeks an unspecified amount of damages. At least one court has held that a pre-complaint settlement demand in excess of the jurisdictional minimum starts the thirty-day time period for removal at the time the complaint is filed. *See Mielke v. Allstate Ins. Co.*, 472 F.Supp. 851 (E.D. Mich. 1979) (when a defendant should clearly ascertain from the circumstances and the original complaint that the case is removable, he must remove within 30 days of receipt of the complaint). Other courts have held that the thirty-day time limit provided in § 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses that the plaintiff is seeking damages in excess of the federal jurisdictional amount. *See Chapman v. Powermatic*, Inc., 969 F.2d 160 (5th Cir. 1992); *In re Willis*, 228 F.3d 896 (8th Cir. 2000). This latter approach accords with Tenth Circuit rulings under § 1446(b) in other contexts.

In *Akin v. Ashland Chemical Co.*, 156 F.3d 1030 (10th Cir. 1998), the Tenth Circuit

considered whether a removal based on federal enclave jurisdiction was timely.  First, the Tenth Circuit found that the initial pleading was ambiguous in that it did not provide "unequivocal" notice that the actions occurred within the confines of a federal enclave and that the first clear notice of removability was given in answer to an interrogatory.  Then the Tenth Circuit analyzed whether the notice of removal, which was filed within thirty days after receipt of the answer to the interrogatory establishing federal jurisdiction, was timely:

> In *DeBry v. Transamerica Corp*., 601 F.2d 480, 489 (10th Cir. 1979), we held that "[i]f the statute is going to run, the notice ought to be unequivocal.  It should not be one which may have a double design."  We further ruled that "ascertained" as used in section 1446(b) means a statement that "should not be ambiguous" or one which "requires an extensive investigation to determine the truth." *Id*. at 490. *DeBry* is consistent with our prior ruling in *Ardison v. Villa*, 248 F.2d 226 (10th Cir. 1957), in which we interpreted the predecessor provision of § 1446(b), holding that the key to determining the date from which the clock begins to run is when the defendant is able to "intelligently ascertain removability." *Id*. at 227. We disagree with cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist.  Rather, this court requires clear and unequivocal notice from the pleading itself, or a subsequent "other paper" such as an answer to interrogatory.

*Akin*, 156 F.3d at 1035-36.

In this case, the complaint itself did not provide "clear and unequivocal" notice that the amount in controversy was satisfied.  The first subsequent "other paper" from which Defendant could ascertain removability was the interrogatory answer in which Plaintiff admitted that he was seeking more than $75,000 in damages.  Defendant filed its notice of removal within thirty days of receipt of this interrogatory answer.  Thus, Defendant's notice of removal is timely and Plaintiff's motion to remand will be denied.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand, filed October 27, 2005, **[Doc. No. 6]**, is hereby **DENIED**.

Dated this 24th day of March, 2006.

                                                                       _____
                                                                       MARTHA VAZQUEZ
                                                                       UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:
  D. Maria Schmidt
  Stephen E. Tinkler

Attorneys for Defendant:
  Max J. Madrid
  Lorena Olmos de Madalena